**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

**v.**                                                                   **Case No. 8:03-cv-2353-T-17TBM**

**PEOPLES CREDIT FIRST, LLC, et al.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's (Second Amended) Motion to Strike Materials Filed by Defendant Olmstead in Response to Plaintiff's Motion for Summary Judgment** (Doc. 313) and Defendant Olmstead's response in opposition (Doc. 339) and **Plaintiff's (Amended) Motion to Strike People's Credit First, LLC And Consumer Preferred, LLC's, Response In Opposition To Plaintiff's Motion for Summary Judgment And Defendants' Materials In Support** (Doc. 314) and Defendants' response in opposition (Doc. 342).[1] By its latter motion (Doc. 314), Plaintiff requests an Order striking the response in its entirety as untimely. In the alternative, Plaintiff seeks an Order striking certain of the declarations tendered in support of the response on grounds that People's Credit First, LLC, and Consumer Preferred, LLC (hereinafter the "corporate Defendants") previously failed or refused to disclose such witnesses or evidence, and that the matters set forth in the declarations are not made on personal knowledge or are otherwise

---

[1] Defendant Connell has joined in the opposition to Plaintiff's motion for summary judgment filed by People's Credit First, LLC, and Consumer Preferred, LLC. See (Doc. 308).

hearsay or inadmissable as evidence. By the former motion (Doc. 313), Plaintiff seeks an Order striking certain of the declarations Defendant Olmstead filed in support of his response. Plaintiff argues in similar fashion that his response relies upon witness testimony or evidence which he previously failed or refused to disclose, and it again complains that the (same) declarations submitted in support of the response are not made upon personal knowledge or are otherwise hearsay or inadmissable as evidence.

Initially, insofar as Plaintiff seeks an Order striking the corporate Defendants' response to its motion for summary judgment on grounds of untimeliness, the motion is DENIED. By my estimation, the response was at most eight days late. Despite Plaintiff's claims to the contrary, it fails to establish any significant prejudice in relation to this eight-day delay warranting the extreme sanction it seeks on this basis.[2]

Insofar as Plaintiff seeks alternative relief against the corporate Defendants and Defendant Olmstead, the motions are GRANTED in part and DENIED in part. The declarations of Ruby Lark and Scott Hereford are STRICKEN and will not be considered in relation to the motions for summary judgment. Defendants concede that they did not disclose the identity or testimony of Ms. Lark or Mr. Hereford prior to submitting their declarations. However, they claim that the witnesses are the type of rebuttal witnesses that could not have

---

[2] While the district court's scheduling order established a clear end-date for the filing of dispositive motions, circumstances in the litigation effectively extended the date. Thus, by the district court's scheduling order, November 1, 2004, was the original cut-off date for filing dispositive motions. See (Doc. 68). However, on October 22, 2004, the district court stayed the action for fifteen days or until November 7, 2004. See (Doc. 255). Plaintiff filed its motion for summary judgment on October 27, 2004, during the period of the stay. If the parties are granted fifteen additional days from the date the stay expired, the Defendants had until November 22, 2004, to file their responses. While the proper course for the corporate Defendants' counsel was to request an extension of this deadline, there is simply no showing of prejudice in the tardy response warranting the court striking it in its entirety.

been contemplated prior to the filing of Plaintiff's motion for summary judgment. They further urge that there is no prejudice in the failure to disclose these witnesses as conceded by the Plaintiff in its instant motions. Upon consideration, I find the argument unpersuasive. Under Federal Rule of Civil Procedure 26(a) or 26(e), these witnesses could have and should have been disclosed and Defendants offer no acceptable justification for their failure to do so.[3] Although Plaintiff urges in its motions that these declarations do not raise material fact issues, their late disclosure is not harmless and, absent substantial justification, Defendants shall not use these declarations as evidence in opposition to Plaintiff's motion for summary judgment. See Fed. R. Civ. P. 37(c)(1).

Insofar as the Plaintiff seeks to strike the declarations of William Hanson and Michael Newman, the motions are DENIED. While it appears correct that the Defendants did not identify these witnesses until after the close of discovery (see Docs. 313-14), it also appears that both witnesses were well known to the Plaintiff, and, in fact, were listed by the Plaintiff in its own Rule 26(a)(1) disclosures, see (Docs. 339, 342). Further, Plaintiff submitted a declaration by Mr. Hanson in support of its motion for summary judgment. See (Pl. Ex. 71). In these circumstances, it appears that these individuals were well known to the Plaintiff and the Defendants, and, more importantly, were equally available to all parties for their

---

[3]Ms. Lark and Mr. Hereford were former employees of Dynamic Fulfillment and Services, LLC., (hereinafter "DFS"), which was an affiliated company of the corporate Defendants, owned and/or operated by Mr. Olmstead and/or Ms. Connell, and which is part of the Receivership in place in this litigation. See (Doc. 37). Each offers testimony concerning the work DFS did to promote the corporate Defendants. Given that all Defendants maintain that they sold memberships in a buyer's club rather than general purpose credit cards, the significance of the work done in providing membership packages to customers or promoting the business was clearly foreseeable.

3

investigation. Thus, the alleged inadequate or late disclosure of these two witnesses by Defendants is harmless and certainly does not merit the wholesale striking their declarations.[4]

Plaintiff also seeks an Order striking paragraphs 13-18 of Mr. Hanson's declaration and paragraphs 5-7 of Mr. Newman's declaration. By this request, Plaintiff urges that the information set forth therein is not based upon the personal knowledge of the witnesses and is not admissible in evidence as required under Fed. R. Civ. P. 56.[5] By their declarations, both Mr. Hanson and Mr. Newman attest to personal knowledge of the facts set forth therein. Mr. Hanson was a former employee with People's Credit First and subsequently with DFS. By his declaration, he is a specialist in computers and computer programming. He participated in management meetings, which included discussions of customer complaints. He also was responsible for the integration of the in-house computer server and the internet server.[6] By

---

[4]Plaintiff complains not only about the late disclosure of these witnesses but also the failure of the Defendants to have disclosed in discovery the business record information they included within their declarations. While the specific conclusions by these witnesses may not have been disclosed in a discovery response, the information they disclose has long been available to the Plaintiff and I cannot overlook the Plaintiff's Rule 26(a) disclosure concerning these witnesses, which reveals that it anticipated both would testify about data maintained on the corporate Defendants' computers and the operations of these businesses, including customer complaints. (Docs. 339, 342). Thus, the very type testimony that the Defendants now offer from these witnesses was anticipated to be offered by the Plaintiff. Again, these circumstances do not call for the severe sanction of striking the witnesses' declarations.

[5]Rule 56(e) states "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Id. Declarations under penalty are treated similarly. The court may consider documents appended to affidavits if they are properly authenticated and the witness is competent to introduce them. See 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2722 (3d ed. 1998).

[6]By his account, the servers were mirrored every hour to insure that changes in customer accounts would be propagated to the internet server and vice versa. Additionally, he attested that the order entry system and the inventory system were integrated into the

4

his testimony, he sought to give the customer service representatives tools to better serve the customer. Mr. Newman claims to have been a former internet marketing manager and director of IT for DFS. He considers himself an expert in the field with regards to marketing and application design.

In paragraphs 13-18 of Mr. Hanson's declaration, he testifies to certain computations he made related to orders and receivables. Additionally, he attaches a list he made regarding receivables and graphs reflecting delivery performance and illustrating the relationship of customer complaints to overall membership. While it appears obvious that the witness's calculations here are based upon data from the company records, Plaintiff maintains that this witness has no personal knowledge of such matters and the evidence is inadmissible in any event. However, Plaintiff notes in its instant motions that the data could only have come from the Defendants' business records released back to the Defendants by the Receiver, and so the origin of the underlying data is not in dispute. And, while the Plaintiff argues that the matters testified to are not within Mr. Hanson's personal knowledge, it appears otherwise to me and Plaintiff's Rule 26(a) disclosure suggests it actually believes otherwise as well in regards to the data on Defendants' computers. In consideration of this witness's entire declaration, I find at present no basis to strike the testimony in paragraphs 13-17, his list of receivables or his graph reflecting delivery performance.[7] At paragraph 18, the witness again purports to

---

website while constantly being updated.

[7]Plaintiff also urges that Defendants should have identified the witness and Mr. Newman as expert witnesses under Rule 26(a)(2) and made the necessary disclosures in accordance with such. Here, in particular in regards to Mr. Hanson, I agree with the Defendants that the testimony is not that of an expert under Fed. R. Evid. 702, but rather that of a lay witness with some specialized computer knowledge. In Mr. Hanson's case, the objected to portion of his testimony appears to involve nothing more than his own calculations made from data collected and retained on programs he helped to create or at least

testify from records in the corporate Defendants' database and certain records appended to a deposition of Mr. Olmstead when concluding that the number of customer complaints made to the corporate Defendants was 0.2673% of their membership. He also tenders a pie chart to illustrate this conclusion. Because it is unclear what data was actually used to make this calculation, I cannot determine the witness's competence to reach this conclusion. Accordingly, paragraph 18 and exhibit C of Mr. Hanson's declaration are hereby STRICKEN and will not be considered on the motions for summary judgment.[8]

Regarding Mr. Newman's declaration, Plaintiff complains that the allegations set forth in paragraphs 5 and 6 are not within the witness's firsthand knowledge and are hearsay. In response, Defendants maintain that *Web Trends Report* is an industry standard program and the witness's citation to matters set forth therein are within the hearsay exception at Fed. R. Evid. 803(17). While the witness, Mr. Newman, appears knowledgeable in computers and may be entirely correct in what he testifies to here, the testimony at paragraphs 5 and 6 is inadmissible on the motions for summary judgment and is appropriately STRICKEN. First, the reports testified to are not appended to the affidavit. Second, even if the reports fall within a hearsay exception under Fed. R. Evid. 803, it does not appear that this witness may appropriately authenticate them. Third, the witnesses testimony that these reports are industry

---

maintain. The disclosure requirements for such experts do not apply in this instance. As set forth herein, what Mr. Newman purports to say about *Web Trends Reports* does raise some additional concerns.

[8]Beyond the fact that it is unclear what data from the companies' databases was used in this calculation, the witness cites to exhibit 44 of Mr. Olmstead's deposition. This exhibit relates to "Wholesale Diamond Inventory" and could not have lead to the ratio he calculated.

standards is in the nature of expert opinion under Rule 702. As for paragraph 7, I have admitted these figure in Mr. Hanson's declaration.

Finally, Plaintiff complains of the hearsay within paragraph 11 of the declaration of Michael Dunn. At least in part, this objection is well taken. That portion of paragraph 11 stating what the witness was advised by People's Credit First is hearsay and inadmissible, and, accordingly, it is STRICKEN.

Accordingly **Plaintiff's (Second Amended) Motion to Strike Materials Filed by Defendant Olmstead in Response to Plaintiff's Motion for Summary Judgment (Doc.313)** and **Plaintiff's (Amended) Motion to Strike People's Credit First, LLC And Consumer Preferred, LLC's, Response In Opposition To Plaintiff's Motion for Summary Judgment And Defendants' Materials In Support** (Doc.314) are GRANTED in part and DENIED in part as set forth herein.

**Done and Ordered** in Tampa, Florida, this 26th day of July 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Court Judge
Counsel of Record