**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

**v.**                                                  **Case No. 8:03-cv-2353-T-TBM**

**PEOPLES CREDIT FIRST, LLC, et al.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff, Federal Trade Commission's Amended Motion to Compel the Surrender of Assets** (Doc. 511).[1]  By this motion, Plaintiff seeks approval of its Proposed Order directing the surrender of certain of Defendants' assets in partial satisfaction of the [Amended] Judgment (Doc. 501) entered against Defendants in this case.  Defendants, Shaun Olmstead and Julie Connell, have filed responses in opposition. (Docs. 518, 522).  At the court's request, the Federal Trade Commission and Defendant Olmstead also have filed supplemental pleadings pertaining to Defendants' allegations that the liquidation of the assets of the limited liability companies is contrary to the provisions of Chapter 608 of the Florida Statutes.  See (Docs. 514, 527).

Upon thorough consideration of the pleadings and the matters discussed at the hearing held on March 3, 2006, it is hereby Ordered that, in partial satisfaction of the Amended Judgment (Doc. 501):

---

[1] **Plaintiff, Federal Trade Commission's Motion to Compel the Surrender of Assets** (Doc. 510) is DENIED as moot.

(1)     Sun Trust Banks shall, within five (5) business days of receipt of this Order, transfer to the FTC or its designated agent, all assets held on account for Julie Kay Connell, including Account Numbers xxxxxxxx6827; xxxxxxxxx6751; xxxxxxxx6144 (d/b/a Source Lists); and xxxxxxxx6094;

(2)     Bank of America shall, within five (5) business days of receipt of this Order, transfer to the FTC or its designated agent, all assets held on account for Shaun Neil Olmstead, including Account Numbers axxxxxxxxx5577; xxxxxxxx7601; and xxxxxxxx4696;

(3)     Dean Witter or its successor shall, within five (5) business days of receipt of this Order, transfer to the FTC or its designated agent, all assets held on account for Shaun Neil Olmstead;

(4)     Morgan Stanley or its successor shall, within five (5) business days of receipt of this Order, transfer to the FTC or its designated agent, all assets held on account for Shaun Neil Olmstead <u>except</u> retirement account number xxxxxxxx4040;

(5)     Julie Kay Connell shall, within twenty (20) days from the date of entry of this Order, surrender to the Receiver all her right, title and interest in the 2001 BMW, 330i, automobile, as identified in her financial disclosure statements dated October 28, 2004.  The Receiver shall liquidate the vehicle in accordance with the Order approving the Receiver's supplemented plan to wind-up the receivership.  Upon liquidation, the Receiver shall tender $1,000.00 of the proceeds to Julie Kay Connell in accordance with Florida law.  The net proceeds from the sale shall be paid to the FTC;

(6) Shaun Neil Olmstead shall, within twenty (20) days from the date of entry of this Order, surrender to the Receiver all his right, title and interest in the 2002 GMC Yukon Denali XL, automobile, as identified in his financial disclosure statements dated October 4, 2004, and November 15, 2004. The Receiver shall liquidate the vehicle in accordance with the Order approving the Receiver's supplemented plan to wind-up the receivership. Upon liquidation, the Receiver shall tender $1,000.00 of the proceeds to Shaun Neil Olmstead in accordance with Florida law. The net proceeds from the sale shall be paid to the FTC;

(7) Regarding personal property, Julie Kay Connell may designate to the FTC, within ten (10) days of the date of entry of this Order, specific items of personal property with total value up to $1,000.00 that are exempt under Florida law.[2] Thereafter, she shall surrender to the Receiver all her right, title and interest in all remaining items of her personal property, as identified in Item 20 of her financial disclosure statements dated October 28, 2004, including jewelry valued by her at approximately $7,300.00. The Receiver shall liquidate said property in accordance with the Order approving the Receiver's supplemented plan to wind-up the receivership, and the net proceeds from the sale shall be paid to the FTC;

(8) Regarding personal property, Shaun Neil Olmstead may designate to the FTC, within ten (10) days of the date of entry of this Order, specific items of personal property with

---

[2]Counsel for Connell and the FTC are directed to confer regarding the items of personal property identified as exempt by Connell. Where they are able to agree on items of exempt property, such property shall be released from any injunction or freeze order of this court and need not be surrendered to the Receiver. In the event that they cannot reach agreement on any claims of exemption or on the value of such property, they shall agree on procedures to be utilized in an appraisal of the personal property at issue. If necessary, the court will conduct a hearing on a later date to resolve such disputes, and, pending such hearing, the property may be retained by Connell.

total value up to $1,000.00 that are exempt under Florida law.[3]  Thereafter, he shall surrender to the Receiver all his right, title and interest in all remaining items of his personal property, as identified in Item 20 of his financial disclosure statements dated October 4, 2004, and November 15, 2004, including diamonds valued by him at $201,000.00; crystal; "upstairs;" baseball cards; two Rolex watches; miscellaneous gemstones; electronics; and a computer.[4] The Receiver shall liquidate said property in accordance with the Order approving the Receiver's supplemented plan to wind-up the receivership, and the net proceeds from the sale shall be paid to the FTC;

(9)     Bank of America, 1501 S. Church Avenue, Tampa, Florida, shall, within five (5) business days of receipt of this Order, grant the Receiver, together with Shaun Neil Olmstead or his authorized attorney or representative should either choose to be present, access to all safe deposit boxes held in the name of Shaun Neil Olmstead.  The Receiver shall take possession of all property belonging to Shaun Neil Olmstead contained therein and

---

[3] Olmstead, who is proceeding *pro se*, and counsel for the FTC are directed to confer regarding the items of personal property identified as exempt by Olmstead.  Where they are able to agree on items of exempt property, such property shall be released from any injunction or freeze order of this court and need not be surrendered to the Receiver.  In the event that they cannot reach agreement on any claims of exemption or on the value of such property, they shall agree on procedures to be utilized in an appraisal of the personal property at issue. If necessary, the court will conduct a hearing on a later date to resolve such disputes, and, pending such hearing, the property may be retained by Olmstead.

[4] Given the FTC's representation that it does not, at present, "seek to compel the turn-over of those items listed by Olmstead as being jointly owned with Heidi Olmstead as follows: MacDill Federal account xxxx38 in the amount of approximately $3,500; two televisions/DVD/VCR valued at $1,200; appliances/washer dryer valued at $1,800; two sofas, one bed, two computer desks, center table, dresser, armoire, three file cabinets, and draperies valued at $6,000; baby grand piano valued at $8,000; clothes valued at $4,000; artwork valued at $450; and gym equipment valued at $550,"(Doc. 527 at 10, ¶ 3), such items need not be surrendered to the Receiver under this Order.

liquidate said property in accordance with the Order approving the Receiver's supplemented plan to wind-up the receivership, and the net proceeds from the sale shall be paid to the FTC;

(10) Shaun Neil Olmstead and Julie K. Connell shall, within ten (10) days of the date of entry of this Order, endorse and surrender to the Receiver, all of their right, title and interest in their ownership/equity unit certificates of Peoples Credit First, LLC, Consumer Preferred, LLC, f/k/a Consumer First, LLC, Dynamic Fulfillment and Services, LLC, Foundation Commercial Properties, LLC, Product Dynamics, LLC, SoHo Holdings, LLC, Generation Housing, LLC, and NuProducts, LLC, d/b/a/ Royal Pineapple, and each of them by whatever names each might be known.[5] The Receiver shall hold such interests pending further order of the court.

Funds paid over to the FTC in partial satisfaction of the [Amended] Judgment (Doc. 501) shall be paid to the FTC through wire transfer, per FTC instruction.

To the extent not granted hereby, the Plaintiff's amended motion (Doc. 511) is denied. Julie Kay Connell's accounts at Bank of America, Account Numbers axxxxxxxxx5746 and xxxxxxxx9428, are hereby released from any injunction or asset freeze or other order of this

---

[5]As to the non-party limited liability companies, Defendants have objected to the liquidation of the assets of those companies as contrary to Chapter 608 of the Florida Statutes. See, e.g. (Doc. 502, ¶ 3; Doc. 514; Doc. 518, ¶¶ 5-9; Doc. 522, ¶ 5). Relying on § 608.433(4) of the Florida Statutes, Defendants argue that the court may, at most, enter a charging order as against his interest in the limited liability company to the extent of the unsatisfied judgment and may not foreclose on that interest. As the court has previously indicated, it agrees with the FTC's position on this dispute. See (Doc. 527). Defendant Olmstead is the sole member of Foundation Commercial Properties, LLC, Product Dynamics, LLC, SoHo Holdings, LLC, and Generation Housing, LLC, and Defendant Connell is the sole member of NuProducts, LLC, d/b/a Royal Pineapple, and Dynamic Fulfillment and Services, LLC. Under these circumstances, the purposes of the statute are not defeated by the proposed liquidation of the assets of these companies which presently all under receivership. Defendants' objections are overruled.

court, as are items of personal property exempted in accordance with paragraph (7). Shaun Neil Olmstead's retirement account at Morgan Stanley, Account Number xxxxxxxx4040, is hereby released from any injunction or asset freeze or other order of this court, as are items of personal property exempted in accordance with paragraph (8).

**Done and Ordered** in Tampa, Florida, this 3rd day of May 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record