**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

**v.**                                                                        **Case No. 8:03-cv-2353-T-TBM**

**PEOPLES CREDIT FIRST, LLC, et al.,**

    **Defendants.**

_____/

## O R D E R

THIS MATTER is before the court on the **Emergency Motion for Relief, or in the Alternative, to Reconsider and Vacate Order Directing the Surrender of Assets, and Motion to Impress and Enforce Retaining Lien** (Doc. 545) filed by the law firm of Macfarlane Ferguson & McMullen, P.A. Plaintiff has filed a response in opposition (Doc. 547). A telephonic hearing on the matter was conducted on June 5, 2006.[1]

By its motion, Macfarlane Ferguson & McMullen, P.A. (hereinafter "MFM"), former counsel for Defendant Shaun Olmstead (hereinafter "Olmstead"), seeks relief from the court's Order (Doc. 544) dated May 30, 2006, which directed MFM to transfer/surrender to Plaintiff the funds held in its trust account for the benefit of Olmstead.[2] As grounds, MFM contends that $12,807.40 of the $93,700.00 it presently holds in its trust account on Olmstead's behalf

---

[1] Subsequent to the hearing, Mark J. Bernet, as Receiver for the corporate Defendants and affiliated entities, filed a response to the motion. (Doc. 548).

[2] The Order also directed MFM to transfer/surrender to Plaintiff the funds held in its trust account for the benefit of Defendant Julie Kay Connell. See (Doc. 544). MFM does not object to that aspect of the Order.

is subject to a retaining lien in favor of MFM for services rendered. MFM also complains that it was not afforded notice of Plaintiff's motion to compel surrender of these assets (Doc. 538) or an opportunity to respond to the motion. In the alternative, MFM seeks reconsideration of the court's May 30, 2006, Order (Doc. 544) and requests entry of an amended order impressing a retaining lien in favor of MFM for the amount claimed in attorney's fees and costs. (Doc. 545).

Plaintiff responds that the Temporary Restraining Order with Asset Freeze and Other Equitable Relief (hereinafter "TRO") entered in this case November 10, 2003, specifically prohibited Olmstead or his attorneys from spending or encumbering assets that Olmstead owned or controlled, including assets held on retainer. Plaintiff responds further that, rather than file a rather untimely motion for fees as it just did, MFM should have petitioned the court for a release of fees. It also contends that MFM was not entitled to notice.

Upon consideration, MFM's motion (Doc. 545) is **GRANTED in part** and **DENIED in part**. To the extent that MFM seeks to enforce a retaining lien, the motion is **DENIED**. As I read the terms of the TRO (Doc. 9) and Stipulated Order of Preliminary Injunction (Docs. 24, 26) as set forth in Section II of both, the imposition of liens in favor of third parties on assets owned by a Defendant is prohibited. Because the lien which MFM seeks to enforce arose after the issuance of the TRO, the terms are applicable.[3] However, to the extent that MFM's motion is construed as an application for fees, the motion is **GRANTED in part**. Both the TRO and the Stipulated Order of Preliminary Injunction allow for the Defendants to

---

[3] As the FTC notes, the relevant terms of the TRO were extended by the Stipulated Order of Preliminary Injunction entered on December 23, 2006. See (Doc. 26).

pay reasonable attorneys fees after obtaining prior written approval by the FTC or the court. See (Docs. 9 at 7; 26 at 6).  Although the FTC suggests that MFM's request for fees at this point in the litigation is untimely, neither the TRO nor the Stipulated Order of Preliminary Injunction mandate such a finding.

On its instant motion, MFM demonstrates that it was counsel for Olmstead at the time the TRO was entered and the hours it expended on his behalf are not in dispute.  While MFM is precluded from asserting a lien, I do not read the TRO to have prevented it from performing services on behalf of its client or from now seeking to be paid for such services.  Accordingly, MFM is entitled to *reasonable* compensation and out-of-pocket expenses for its representation of Olmstead.

In Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Id. at 717-19.  The manner in which the Johnson factors influence an award of fees must be elucidated by the court.[4]  See In re Celotex Corp.,

---

[4]Under fee shifting statutes, the court looks to the lodestar approach to determine a reasonable fee.  By this approach, the value of the lawyer's services is initially determined by the product of hours reasonably expended multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292

227 F.3d 1336, 1341 (11th Cir. 2000); NAACP v. City of Evergreen, Ala., 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting King v. McCord, 621 F.2d 205, 206 (5th Cir. 1980)).

Although I conclude that MFM is entitled to reasonable fees, it is also apparent that, early on, the firm should have recognized an inherent conflict with it proceeding to represent Olmstead further in this litigation given the role that the firm played in the conduct of the affairs of the defendant companies. Beginning at least by November 13, 2003, such potential conflict should have become obvious. Indeed, such is suggested by MFM's billing statement, which documents work conducted on November 14, 2003, related to alternative legal representation.[5] See (Doc. 545, Ex. B). In my view, the firm's request for fees through November 13, 2003, is reasonable but thereafter it is not.[6] Thus, in accordance with this determination and construing the motion (Doc. 545) as a request for fees, MFM is hereby awarded $8,986.50.

---

(11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F.2d at 1299). Thereafter, the court considers the reasonableness of hours expended. It is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. In reviewing petitions for attorney's fees, the court exercises its discretion in determining what constitutes reasonable hours. The lodestar as calculated in Hensley presumptively includes the Johnson factors, see Norman, 836 F.2d at 1299, and the court has been guided by the lodestar approach in its review of these applications.

[5]Further, the Receiver recognized the potential conflict early on and undoubtedly advised MFM of such. See (Doc. 51, Ex. A at 2) (billing entry dated 11/13/03).

[6]In any event, work related to the preparation for hearings or the preparation of pleadings never filed in the action would be stricken, regardless of when the fees were incurred.

4

Additionally, MFM seeks an award of $66.40 for photocopies and facsimile services. The motion does not demonstrate why such were necessary and it appears that the copies and faxes were done for the convenience of the client or the firm. Without adequate demonstration of the need of such matters, I would conclude that in the usual course for matters covered by the federal statutes, none of those expenditures would likely be taxed against a losing party, see 28 U.S.C. § 1920, and there is some basis to justify a conclusion that they should not be fully compensated here. Accordingly, the request for the cost items is **DENIED**.

In light of the rulings above, the court's Order (Doc. 544) dated May 30, 2006, is hereby **VACATED**. In partial satisfaction of the Amended Judgment in this case, MFM shall, within five (5) business days of this Order, transfer to the FTC or its designated agents, all assets held on behalf of Julie Kay Connell and Shaun Olmstead, <u>with the exception that MFM shall retain, as payment for services rendered to Olmstead, $8,986.50 of the assets that it holds in trust on his behalf</u>. All funds paid over to the FTC in partial satisfaction of the Amended Judgment shall be paid to the FTC through wire transfer, per FTC instruction.

**Done and Ordered** in Tampa, Florida, this 9th day of June 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record