## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                        **Case No. 8:03-cv-2353-T-TBM**

**PEOPLES CREDIT FIRST, LLC, et al.,**

    **Defendants.**

_____/

## O R D E R

THIS MATTER is before the court on the **Receiver's Motion Compel Defendant Shaun Olmstead to Comply with May 3, 2006, Order** (Doc. 553) and Defendant Olmstead's response in opposition (Doc. 560), and **Defendant Olmstead's Motion to Compel Receiver to Comply with Court's [May 3, 2006] Order** (Doc. 568) and the Receiver's response in opposition (Doc. 571).

By his motion (Doc. 553), the Receiver seeks an Order compelling Mr. Olmstead to comply with the court's May 3, 2006, Order which, among other things, directed Mr. Olmstead to "surrender to the Receiver all his right, title and interest in all remaining items of his personal property, . . . including diamonds valued by him at $201,000.000 . . ." Because Mr. Olmstead allegedly attempted to conceal the existence of the diamonds in his initial financial affidavit and has lived far beyond his reported means over the last two years, the Receiver believes that Mr. Olmstead may have sold the diamonds. Mr. Olmstead contends that he fully complied with the court's May 3, 2006, Order. By his account, the diamonds

have not been in his possession since November 2003. While it appears a logical conclusion, as reached by the Receiver, that Mr. Olmstead has received financial assistance from outside source(s) since the imposition of the receivership, there is no evidence to support the conclusion that he has violated the court's Order by concealing or selling receivership diamonds. Accordingly, the Receiver's motion is **DENIED.** Should such evidence develop, the remedy is not another Order directing Mr. Olmstead's compliance but rather a hearing on an order to show cause why Mr. Olmstead should not be held in contempt for violating the existent Order.

By his motion, Mr. Olmstead seeks an Order compelling the Receiver to comply with this court's May 3, 2006, Order, and return to him a Tiffany crystal vase that was a gift to him from his late grandmother. The Receiver responds first that while Mr. Olmstead orally advised him that he intended to claim the vase as an exemption, doing so did not comply with the court's Order. Next, he argues that the Tiffany vase was sold at the auction to a *bona fide* purchaser and there is no legal basis upon which the Receiver could obtain the vase from that purchase. The court's Order of May 3, 2006 required that Mr. Olmstead designate to the FTC, within ten days of the date of the Order, specific items of personal property he wished to exempt and dictated a procedure to be followed thereafter. It does not appear from his motion that he complied with that procedure. While it appears that Mr. Olmstead notified the Receiver orally of his desire to retain the Tiffany vase, through confusion, inadvertence or otherwise, the request was not honored and vase has unfortunately been sold to a *bona fide*

purchaser for value. Thus, the court is unable to grant the requested relief. Accordingly, the motion is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 14th day of December 2006.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record
Mr. Shaun Olmstead, 3301 Bayshore Blvd., Unit 1807, Tampa, FL 33692